## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL,

   Petitioner,

    v.

ANNIE HERBERT,

   Respondent.

DOCKET NUMBER
CB-1215-14-0011-T-1

DATE: April 19, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Clarissa Pinheiro</u>, Esquire, <u>Mariama Liverpool</u>, Esquire, and <u>Rachel A. Venier</u>, Esquire, Washington, D.C., for the petitioner.

<u>Annie Herbert</u>, Indianapolis, Indiana, pro se.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The respondent has filed a petition for review of the initial decision, which dismissed as settled the complaint that the petitioner brought against her. For the reasons set forth below, the respondent's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2        On June 18, 2014, consistent with 5 C.F.R. § 1201.36(b), an administrative law judge designated by the Board sua sponte consolidated complaints brought by the petitioner against three individually-named respondents, including the respondent in this matter.[2]  The administrative law judge did so under MSPB Docket No. CB-1215-14-0019-T-1, Consolidation Appeal File, Tab 1. Notwithstanding, for the purpose of allowing greater flexibility in removing respondents from the consolidation, the administrative law judge also issued separate docket numbers for each of the three respondents, which he considered as their individual docket numbers.  *Id.*  The cases proceeded as consolidated under MSPB Docket No. CB-1215-14-0019-T-1 until September 26, 2014, when, in the case of this respondent, the administrative law judge removed her from the consolidation[3] because the respondent reached a settlement with the petitioner resolving the complaint against her.  *Office of Special Counsel v. Herbert*, MSPB Docket No. CB-1215-14-0011-T-1, Initial Appeal File (IAF), Tab 8, Tab 9, Initial Decision (ID).  On that basis, the administrative law judge issued an initial decision dismissing the complaint as settled.  ID.  The decision's finality date was October 31, 2014.

---

[2] The complaints involved the respondents' alleged improper manipulation of four competitive examinations, and discrimination on the basis of political affiliation in violation of 5 U.S.C. § 2302(b)(1)(E) and (b)(6).

[3] Earlier, on September 3, 2014, the administrative law judge removed Respondent John Kappel's case from the consolidation based upon the parties having reached a settlement agreement, and he dismissed the case as settled. *Office of Special Counsel v. Kappel*, MSPB Docket No. CB-1215-14-0010-T-1, Initial Decision (Sept. 3, 2014). Respondent Kappel has not filed a petition for review of that decision.  Respondent Coffman's complaint continued through hearing and to adjudication wherein the administrative law judge found the complaint against her not proven. *Office of Special Counsel v. Coffman*, MSPB Docket No. CB-1215-14-0012-T-1, Initial Decision (Oct. 6, 2015).  The Office of Special Counsel has challenged that decision and it is currently pending before the Board on petition for review.  It will be addressed in a separate decision.

¶3        On November 4, 2015, the respondent, appearing pro se,[4] filed a petition for review of that decision. Petition for Review (PFR) File, Tab 1. She asked that the settlement agreement be rescinded based on the decision of the administrative law judge "exonerating" Respondent Coffman. *Id.* at 1. Specifically, the respondent argued that "[n]one of the executive level decision makers/key players have been held accountable for the action of their respective offices; yet, I have experienced financial hardship, embarrassment, persecution, and been made the scape goat for actions that were beyond my control and not initiated by me." *Id.* The Clerk of the Board informed the respondent that her petition for review was untimely filed and instructed her to file a motion for waiver of the time limit, including an affidavit or a statement signed under the penalty of perjury showing good cause for the delay. PFR File, Tab 2. The respondent filed a motion signed under the penalty of perjury wherein she repeated her claim that, having reviewed Respondent Coffman's decision as issued by the administrative law judge, she knows that none of the senior executive leaders involved in the case had been held accountable for their role/actions, and that she was not a willing participant in the actions that led to a violation of the merit systems principles. PFR File, Tab 4 at 2. The petitioner has responded, urging that the petition for review be dismissed as untimely filed with no showing of good cause. PFR File, Tab 5.

## ANALYSIS

¶4        To be timely, a petition for review must be filed within 35 days after the issuance of the initial decision, or, if the respondent shows that the initial decision was received more than 5 days after it was issued, within 30 days after the date the respondent received the initial decision. 5 C.F.R. §§ 1201.113,

---

[4] The respondent was represented by counsel from the outset of this matter up to and including the signing of the settlement agreement. IAF, Tabs 5, 8. In a November 27, 2015 letter, the respondent's representative below stated that he was unaware that the respondent had filed a petition for review and he no longer represented her. Petition for Review File, Tab 3.

114(d). Although the respondent acknowledges that she received the initial decision in a timely fashion, PFR File, Tab 4 at 2, she nonetheless filed her petition for review on November 4, 2015, more than a year after the deadline for filing a petition for review.

¶5 The Board will waive its filing deadline only upon a showing of good cause for the filing delay. 5 C.F.R. § 1201.114(f). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). More specifically, to determine whether a respondent has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62‑63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6 Here, the initial decision expressly advised the respondent, in plain language, of the time limit and procedures regarding obtaining Board review. ID at 4. The respondent's failure to file her petition for review with the Board in accordance with those unambiguous instructions constitutes a failure to exercise due diligence or ordinary prudence. *See Fredrick v. Department of Justice*, 76 M.S.P.R. 477, 480 (1997).

¶7 However, the respondent's argument on review is more akin to a claim of new evidence. Where an initial decision dismisses the case as settled, newly discovered evidence may constitute good cause for the untimely filing of a petition for review, if the newly discovered evidence established that the settlement agreement was invalid. *Dickson v. General Services Administration*, 85 M.S.P.R. 7, ¶ 6 (1999), *aff'd*, 243 F.3d 566 (Fed. Cir. 2000) (Table).

¶8       While the decision in Respondent Coffman's case is arguably new evidence in that it was not issued until October 6, 2015, the respondent has not shown that it establishes that the settlement agreement was invalid. Rather, she has essentially expressed buyer's remorse or after-the-fact dissatisfaction with the terms of the settlement agreement. It is well settled that claimed dissatisfaction with the terms of a settlement agreement does not constitute good cause for a filing delay. *Cooper v. U.S. Postal Service*, 104 M.S.P.R. 674, ¶ 7 (2007). In this case, although the respondent is now unhappy with the agreement, suggesting perhaps that she might have fared better had she litigated her case, she has not shown how the circumstances surrounding the settlement agreement interfered with her ability to file a timely petition for review. *Id*.

¶9       Accordingly, we dismiss the petition for review as untimely filed without good cause shown.

**ORDER**

¶10      This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal as settled of the Office of Special Counsel's complaint against the respondent.

**NOTICE TO THE RESPONDENT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27,

2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.   Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.